STATE OF MAINE　　　　　　　　SUPERIOR COURT
WALDO, SS.　　　　　　　　　　DOCKET NO. CR-16-152

STATE OF MAINE　　　　　　　）
　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　）
　　　　v.　　　　　　　　　　）　　　ORDER DENYING
　　　　　　　　　　　　　　　）　　　MOTION TO SUPPRESS
　　　　　　　　　　　　　　　）
NICHOLAS SEEGER　　　　　　　）


On May 24, 2016, the Defendant filed a Motion to Suppress statements made by the Defendant while in the Intoxilyzer room at the Waldo County Sheriff's Office on February 15, 2016. The motion was scheduled for a hearing on June 27, 2016. By agreement at the hearing, the parties did not present any testimony but instead presented an audio and video recording of the events in the Intoxilyzer room, and further stipulated that the Defendant was in custody during the entire time he was in the Intoxilyzer room, and that no Miranda warning had been provided to him.

The issue before the Court in the pending motion is whether any of the Defendant's statements were the result of a custodial interrogation on February 15, 2016. Having reviewed the recording submitted as evidence, the Court finds as follows:

The Defendant was very talkative throughout his time in the Intoxilyzer room. In the first few minutes in the room, the Defendant made various statements that were not responsive to any questions being posed to him.

The officer did specifically inform the Defendant of the implied consent law, and the Defendant subsequently consented to submitting to the breath test.

During the 15 minute wait period, the Defendant made certain unsolicited statements about his having difficulty getting into his own car. The officer responded that he was able to get into the Defendant's car and also able to roll up his windows with no problem. The Defendant subsequently made a statement admitting that he had come to the police station and specifically that he had drove to the police station.

After the standard 15 minute wait period, the officer administered the breath test to the Defendant. After the breath test, based on the results of that test, the Defendant was placed under arrest. The Defendant was asked a series of questions, one of which was to determine if the Defendant was suicidal. A long series of questioning and nonresponsive statements followed this inquiry. Some of those statements included references to the Defendant having come to the police station with a car.

Although the Court finds that certain questions were asked of the Defendant while he was in custody, the officers were not engaged in an effort to interrogate the Defendant or elicit admissions from him.

As the Law Court has noted in *State v. Griffin*, *2003 ME 13*, ¶8-9,

> Where there is no dispute that Griffin was in custody, the State has the burden of establishing, by a preponderance of the evidence, that no *Miranda* warning was required as a prerequisite for use of Griffin's

statement that she had driven her motor vehicle to the parking lot. [Citations omitted].

Even in a custodial situation, an officer may ask questions designed to identify the suspect, check for identification and resolve any health or safety concerns regarding the suspect or others. This inquiry, called "administrative questions" or "routine booking questions" to someone in custody, is appropriate where it seeks "biographical data necessary to complete booking or pretrial services . . . "

Unlike in *Griffin*, the questions or statements actually posed by the officers in this case which led to the Defendant's statements regarding his having driven to the police station, were part of a lengthy discussion regarding whether the Defendant was suicidal or not. This falls squarely within the exception described above as noted in *Griffin*. The other statement made by the Defendant before the test was actually administered was responsive to his own unsolicited comment that he was unable to get into his own car.

Under the circumstances, the Court concludes that *Miranda* warnings were not required as a prerequisite for the use of this Defendant's statements in evidence. Accordingly, the Defendant's Motion to Suppress is hereby, DENIED.

Date: 9/1/16

_____
SUPERIOR COURT JUSTICE